[Civ. No. 8934.  Second Appellate District, Division Two.—December 31, 1934.]

JOHN DOLNEY, Respondent, v. NATIONAL THRIFT CORPORATION OF AMERICA (a Corporation), Appellant.

Halverson & Halverson for Appellant.

Bernard Potter for Respondent.

WILLIS, J., *pro tem.*—Appellant, defendant below, has appealed from a judgment for money and claims errors of the trial court in failing to find on all material issues and in denying a motion for new trial and contends that the findings are not supported by the evidence. We have examined the record and the evidence brought here by reporter's transcript and note therefrom that there is complete unity of pleadings, proofs and findings in respect to the following facts:

In 1930, upon representations made to him by the selling agents of appellant, respondent purchased from appellant, under a subscription agreement, two thrift certificates aggregating a matured valuation of $55,000 and paid thereon the initial payments required. Shortly thereafter, respondent received from appellant the sum of $100 as refund on the above payments. About March 30, 1931, respondent being dissatisfied with the transaction and claiming misrepresentations on the part of the sales agents, demanded of appellant a cancellation of the sale and return of his money. Thereupon, appellant agreed to such cancellation and a new agreement was made between appellant and respondent, and pursuant thereto, respondent surrendered and delivered to appellant the two certificates on March 30, 1931, and on April 6, 1931, received on account of said new agreement the sum of $721.50. It is for the difference between this amount and the amount which respondent alleges the appellant promised to repay and alleged to be the sum of $2,028.50, that respondent brought suit, his cause of action being based on the new agreement.

The only material issue in dispute, as reflected by the pleadings and the proofs, consists in the terms and conditions of the new agreement, respondent alleging and contending that appellant agreed to repay the sum of $2,750 in consideration of his surrendering the two certificates, while appellant alleges and contends that, through its selling agent, it agreed to repay to respondent in cash the sum of

$721.50 of the money he had paid on the two certificates, to wit, the sum of $2,821.50 less the sum of $100 previously repaid, and to deliver to respondent four $500 gold bonds to cover the balance of $2,000, in consideration of the surrender of the two certificates by respondent. On the issue thus joined there was a sharp conflict in the evidence presented by the opposing parties. There was substantial proof to support respondent's version of the new agreement and the findings of the court sustaining the same, and under the established rule governing in such a case on appeal, the appellate court cannot interfere with or change the findings of the trial court.

This state of the pleadings and proofs renders immaterial the apparent issues of misrepresentations in respect to the first agreement of sale, ratification of such agreement, estoppel by reason of the clause in such agreement absolving appellant from the effect of misrepresentation of its selling agents, and waiver of fraud in the first agreement, together with the points and argument predicated thereon on this appeal. And while all these issues were disposed of by the findings, any defect therein, or any lack of evidentiary support thereof is entirely immaterial to a decision of the case on the material issues framed by the pleadings. For it is patent that where both parties allege a cancellation and mutual abandonment of a previous contract and the substitution of a new and different one therefor, on which both the plaintiff and defendant rely in their respective pleadings, and differ only as to the terms and conditions thereof, the first contract becomes entirely immaterial in so far as issues in pleading are concerned, and can be relevant only in an incidental evidentiary capacity in connection with the question of negotiation of and consideration for the new and substituted agreement.

The findings are supported by substantial evidence, the conclusion and judgment are supported by the findings and the trial court committed no error in denying the motion for a new trial.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1935.